# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| BRITTANY B. HILTON, | : |
| Plaintiff, | : |
| | : NO. 1:21-CV-00441-MJT |
| vs. | : |
| | : |
| SIG SAUER, INC., | : JURY DEMANDED |
| Defendants, | : |
| | : |

## DEFENDANT SIG SAUER, INC.'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT SUBJECT TO ITS
## PREVIOUSLY FILED 12(b)(6) MOTION TO DISMISS

Defendant SIG SAUER, INC. ("SIG"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint subject to its Previously filed 12(b)(6) Motion to Dismiss, and respectfully submit as follows:

### SUMMARY OF ACTION[1]

1.      SIG admits only that Plaintiff seeks damages in this action, but SIG denies that it is liable to Plaintiff. SIG specifically denies that it engaged in any misconduct and that the subject P320 pistol at issue in Plaintiff's Complaint is defective. SIG further denies any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint, and strict proof is demanded at trial.

2.      SIG admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      SIG responds that the information contained in Paragraph 3 of Plaintiff's Complaint generally describes how a striker-fired pistol operates versus a hammer-fired pistol but denies that the firearm shown is a P320 pistol. SIG further denies the reference comparing a striker-fire pistol to a "bow and arrow," and denies that the pistol's striker-sear engagement is the only safety

---

[1] SIG is including the headings used in Plaintiff's Complaint for ease of reference. SIG expressly denies the truth of any allegations contained in such headings.

preventing the pistol from firing unintentionally. SIG denies any remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     SIG admits that the P320 was first introduced in 2014. SIG admits that prior lawsuits have been filed involving the P320 model pistol, but SIG denies that the allegations contained in those lawsuits. SIG specifically denies that the P320 pistol is capable of discharging without trigger actuation and denies that the subject P320 pistol contains any defect. SIG denies any remaining allegations contained in Paragraph 4 of Plaintiff's Complaint and demands strict proof thereof at trial.

5.     SIG is without sufficient knowledge to either admit or deny the allegations regarding how the subject incident occurred or the injuries Plaintiff allegedly sustained, except that SIG specifically denies that the subject P320 pistol could have discharged without trigger actuation and denies that the subject P320 pistol contains any defect. SIG denies any remaining allegations contained in Paragraph 5 of Plaintiff's Complaint and demands strict proof thereof at trial.

6.     SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and demands strict proof thereof at trial.

7.     SIG denies that Plaintiff's P320 pistol discharged without the trigger being pulled and demands strict proof thereof at trial. SIG further responds that the language quoted in paragraph 7 of Plaintiff's Complaint is incomplete and not put in context. To the extent Plaintiff is making any allegations in connection with the quoted language, SIG denies such allegations and further responds that the document speaks for itself, and therefore no responsive pleading is required. SIG denies the P320 pistol could have discharged without the trigger being pulled and demands strict proof thereof at trial.

8.      SIG denies the allegations contained in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof at trial.

9.      SIG admits that Plaintiff seeks damages in this action, but SIG denies that it is liable to Plaintiff. SIG denies any remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof at trial.

10.     SIG admits that the P320 model pistol has not been recalled and that it implemented the "P320 Voluntary Upgrade Program" in August of 2017 to enhance the drop safety of the P320 model pistol. SIG denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof at trial.

11.     SIG denies the allegations contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof at trial.

## JURISDICTION AND VENUE

12.     SIG admits the allegations contained in Paragraph 12 of Plaintiff's Complaint, but SIG specifically denies that it is liable to Plaintiff for any amount.

13.     SIG admits that it does business in the state of Texas. SIG denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

## PARTIES

14.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     SIG admits that it designs and manufactures firearms and rifles, which are sold to third-party distributors, dealers, and various law enforcement and governmental agencies throughout the United States and internationally. SIG admits that it is a Delaware corporation, that

it was formerly known as SIGARMS, Inc., that it changed its name to Sig Sauer, Inc in October 2007, and that it was founded in 1985. SIG admits that its principal place of business is in New Hampshire. SIG denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint as stated.

## **ALLEGATIONS**

### I.     **The Alleged December 1, 2020 Defective Discharge**

16.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

17.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

18.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

19.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

20.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

21.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and strict proof thereof is

demanded at trial.

22.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

23.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

24.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

25.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

26.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

27.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

28.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

29.    SIG denies knowledge and information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 29 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

30.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

31.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

32.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

33.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

34.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

35.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

36.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

37.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

38.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

39.     SIG denies that the subject P320 pistol could have discharged without trigger actuation and, therefore, denies that "the P320 shot her" as alleged in Paragraph 39 of Plaintiff's Complaint. SIG denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

40.     SIG denies that the P320 model pistol is capable of discharging without trigger actuation and specifically denies that the subject P320 pistol discharged without the trigger being pulled. SIG denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

## II.     The Alleged Investigation of the Incident

41.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

42.     SIG responds that the memorandum referenced in Paragraph 42 of Plaintiff's Complaint speaks for itself. SIG denies knowledge and information sufficient to form a belief as to the actions taken by any member of the Bridge City Police Department following the subject

accident, but SIG denies that the subject P320 pistol could have discharged without trigger actuation. SIG denies any remaining allegations contained in Paragraph 42 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

43.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

44.     SIG admits that it agreed to inspect the subject P320 pistol at Bridge City Police Department's request following the alleged incident. SIG further admits that inspection confirmed that the subject P320 pistol was operating properly with its internal safeties functioning and, therefore, the pistol could have only discharged with trigger actuation. SIG denies the remaining allegations contained in paragraph 44 of Plaintiff's Complaint as stated.

45.     SIG admits that it agreed to inspect the subject P320 pistol at Bridge City Police Department's request following the alleged incident. SIG further admits that inspection confirmed that the subject P320 pistol was operating properly with its internal safeties functioning and, therefore, the pistol could have only discharged with trigger actuation. SIG denies Plaintiff's mischaracterization of the inspection report for the subject P320 pistol and denies the remaining allegations contained in paragraph 45 of Plaintiff's Complaint as stated.

46.     SIG admits that the subject P320 pistol was inspected at the request of the Bridge City Police Department and this inspection was fully documented. SIG denies the remaining allegations contained in paragraph 46 of Plaintiff's Complaint as stated.

### III.     SIG's Safety Warranties Regarding the P320

47.     The statement contained in Paragraph 47 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff are making allegations in connection with the quoted

language or the referenced documents, SIG denies such allegations, and SIG further responds that the document speaks for itself. SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled and demands strict proof thereof at trial.

48.    The statement contained in Paragraph 48 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff are making allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the document speaks for itself. SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled and demands strict proof thereof at trial.

49.    SIG admits that the product manual for the P320 model pistols plainly warned as follows:



**⚠ WARNING  – DROPPED PISTOL**

If dropped, the pistol may fire. Keep the chamber empty unless actually firing!

**ANY FIREARM MAY FIRE IF DROPPED**

SIG denies that this statement is contradictory to other statements made by SIG regarding the P320 model pistol, and SIG denies any remaining allegations contained in Paragraph 49 of Plaintiff's Complaint and demands strict proof thereof at trial.

50.    SIG admits that it has knowledge of how law enforcement officers commonly carry their firearms, but SIG denies knowledge and information sufficient to form a belief as to whether it is standard operating procedure for "all U.S. law enforcement agencies, police departments , and

the military, at a commander's discretion, to carry pistols with a chambered round." SIG denies any remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.     SIG denies the allegations contained in Paragraph 51 of Plaintiff's Complaint and demands strict proof thereof at trial.

52.     SIG denies the description of the Connecticut incident as alleged in Paragraph 52 of Plaintiff's Complaint. With respect to the language attributed to the P320 owner's manual, SIG responds that the document speaks for itself. To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG denies any remaining allegations contained in Paragraph 52 of Plaintiff's Complaint and demands strict proof thereof at trial.

53.     SIG denies the characterization of SIG's warning contained in the P320 owner's manual and further states that the document referenced speaks for itself. SIG denies any remaining allegations contained in Paragraph 53 of Plaintiff's Complaint and demands strict proof thereof at trial.

54.     SIG admits that impacting a firearm in a manner that is not designed could be considered abusive handling, but SIG denies the characterization of SIG's warning contained in the P320 owner's manual and further states that the document referenced speaks for itself. SIG denies any remaining allegations contained in Paragraph 54 of Plaintiff's Complaint and demands strict proof thereof at trial.

55.     SIG responds that the language quoted in Paragraph 55 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself. SIG further responds that the affirmative

allegations in Plaintiff's Complaint confirm that her pistol did not discharge as a result of being dropped. SIG denies any remaining allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     SIG denies the allegations contained in Paragraph 56 of Plaintiff's Complaint. SIG further responds that the affirmative allegations in Plaintiff's Complaint confirm that her pistol did not discharge as a result of being dropped.

57.     SIG admits that it has knowledge of how law enforcement officers commonly carry their firearms, but SIG denies knowledge and information sufficient to form a belief as to the procedures for any specific law enforcement agency, including the Bridge City Police Department. SIG denies any remaining allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     SIG admits that it has knowledge of how law enforcement officers commonly carry their firearms, but SIG denies knowledge and information sufficient to form a belief as to the procedures for any specific law enforcement agency, including the Bridge City Police Department. SIG denies any remaining allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     SIG denies that the P320 model pistol is capable of firing without trigger actuation. SIG further denies that carrying a pistol with a round in the chamber is consistent with the rules of firearms safety in all situations. SIG denies any remaining allegations contained in Paragraph 59 of Plaintiff's Complaint and strict proof thereof is demanded at trial.

60.     SIG denies any characterization of SIG's advertisements and marketing materials as they speak for themselves. SIG denies any remaining allegations contained in Paragraph 60 of Plaintiff's Complaint and demands strict proof thereof at trial.

61.     SIG admits that the U.S. military uses a variant of the P320 model pistol – the M17 – as its standard sidearm and that the advertisement included with Paragraph 61 of Plaintiff's Complaint shows an M17 pistol. SIG denies any characterization of SIG's advertisements and

marketing materials and further states that the document referenced speaks for itself. SIG denies any remaining allegations contained in Paragraph 61 of Plaintiff's Complaint and demands strict proof thereof at trial.

62.     SIG admits that the P320 functions in a safe manner for its intended use. SIG denies any characterization of SIG's advertisements and marketing materials as they speak for themselves. SIG denies any remaining allegations contained in Paragraph 60 of Plaintiff's Complaint and demands strict proof thereof at trial.

63.     SIG denies any characterization of SIG's advertisements and marketing materials as they speak for themselves. SIG denies any remaining allegations contained in Paragraph 60 of Plaintiff's Complaint and demands strict proof thereof at trial.

## IV.     Alleged Problems with the P320 and the August 2017 "Voluntary Upgrade Program"

64.     SIG admits that the P320 is the first striker-fired pistol designed and manufactured by SIG and that the frame was based on the prior P250 model firearm. However, SIG denies that the P320 model pistol and the P250 model pistol used the same fire control unit. Rather, the fire control unit is entirely different, as the pistols operate in different manners – one is a striker-fire pistol and the other is a hammer-fire pistol, as noted in Paragraph 64 of Plaintiff's Complaint.

65.     SIG admits that the U.S. Army selected a variant of the P320 model pistol, referred to as the M17 and M18 Modular Handgun System, as its new service weapon, with the contract being awarded to SIG in January 2017. SIG further admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017. SIG further responds that almost all of the modifications made to the pistols related to the reliability and functionality of the pistol, not its safety, and none of the modifications related to claims the pistol was firing without trigger actuation. SIG denies the remaining allegations contained in

Paragraph 65 of Plaintiff's Complaint and demands strict proof thereof at trial.

66.     SIG denies the allegations contained in Paragraph 66 of Plaintiff's Complaint and demands strict proof thereof at trial.

67.     SIG denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     SIG denies the allegations contained in Paragraph 68 of Plaintiff's Complaint as stated and demands strict proof thereof at trial.

69.     SIG denies the allegations contained in Paragraph 69 of Plaintiff's Complaint and demands strict proof thereof at trial.

70.     SIG admits that in the event a P320 model pistol is involved in any unintended discharge, SIG works with the law enforcement agency – at the agency's request – to evaluate the pistol and determine how the incident occurred. SIG denies the remaining allegations contained in Paragraph 70 of Plaintiff's Complaint and demands strict proof thereof at trial.

71.     SIG denies the allegations contained in Paragraph 71 of Plaintiff's Complaint and demands strict proof thereof at trial.

72.     SIG denies the allegations contained in Paragraph 72 of Plaintiff's Complaint and demands strict proof thereof at trial. SIG further responds that the Roscommon County Sheriff's Office determined based on its investigation that the incident occurred as a result of the trigger being pulled and the investigating officer signed a sworn declaration to the effect.

73.     SIG denies the allegations contained in Paragraph 73 of Plaintiff's Complaint and demands strict proof thereof at trial. SIG further responds that the Roscommon County Sheriff's Office determined based on its investigation that the incident occurred as a result of the trigger being pulled and the investigating officer signed a sworn declaration to the effect.

74.     SIG denies the allegations contained in Paragraph 74 of Plaintiff's Complaint and

demands strict proof thereof at trial. SIG further responds that the Roscommon County Sheriff's Office determined based on its investigation that the incident occurred as a result of the trigger being pulled and the investigating officer signed a sworn declaration to the effect.

75.     SIG denies the allegations contained in Paragraph 75 of Plaintiff's Complaint and demands strict proof thereof at trial.

76.     SIG denies the allegations contained in Paragraph 76 of Plaintiff's Complaint and demands strict proof thereof at trial.

77.     SIG denies the allegations contained in Paragraph 77 of Plaintiff's Complaint and demands strict proof thereof at trial.

78.     SIG denies the allegations contained in Paragraph 78 of Plaintiff's Complaint and demands strict proof thereof at trial. SIG specifically denies that the P320 pistol is capable of firing without trigger actuation.

79.     SIG admits that a suit regarding a P320 model pistol was filed in Connecticut state court on or around August 4, 2017 and subsequently removed to the United States District Court for the District of Connecticut. SIG further admits that the suit alleged that a negligent discharge of the P320 pistol caused the plaintiff injury. SIG denies any remaining allegations contained in Paragraph 79 of Plaintiff's Complaint and demands strict proof thereof at trial.

80.     SIG denies the allegations contained in Paragraph 80 of Plaintiff's Complaint and demands strict proof thereof at trial.

81.     SIG denies that the P320 model pistol is capable of discharging without a trigger pull. SIG admits that it issued a press release on August 8, 2017 concerning the P320, but denies that the document included with Paragraph 81 is that press release; rather, the document included in Paragraph 81 of Plaintiff's Complaint is dated August 4, 2017. To the extent Plaintiff is making

any allegations in connection with the quoted language or the pictured document, SIG denies such allegations. SIG denies any remaining allegations contained in Paragraph 81 of Plaintiff's Complaint and demands strict proof thereof at trial.

82. SIG denies the allegations contained in Paragraph 82 of Plaintiff's Complaint, and SIG specifically denies that the P320 model pistol is capable of discharging without a trigger pull. The language quoted in Paragraph 82 of Plaintiff's Complaint is incomplete and not put into context, and SIG denies any allegations relating to that language. SIG denies any remaining allegations contained in Paragraph 82 of Plaintiff's Complaint and demands strict proof thereof at trial.

83. SIG admits that it announced the "P320 Voluntary Upgrade Program" in August of 2017.

84. SIG denies the characterization of the voluntary upgrade program contained in Paragraph 84 of Plaintiff's complaint. The quoted information contained in Paragraph 84 of Plaintiff's Complaint is incomplete and is not put into context. SIG published detailed information about the program and the reason for implementing the program on its website which remains accessible today, at https://www.sigsauer.com/support/p320-voluntary-upgrade/.

85. SIG denies the allegations contained in Paragraph 85 of Plaintiff's complaint. SIG published detailed information about the upgrade program which confirms that the purpose of the program was to enhance the drop safety and performance of the P320 model pistol. As described, the inclusion of a mechanical disconnector was unrelated to drop safety. Information regarding the upgrade program remains available on SIG's website today, at https://www.sigsauer.com/support/p320-voluntary-upgrade/.

86. SIG denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. SIG denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. SIG admits that the P320 pistol has never been recalled and that all P320s in circulation are safe for their intended purpose. SIG denies any remaining allegations contained in Paragraph 88 of Plaintiff's Complaint and demands strict proof thereof at trial.

89. SIG denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. SIG admits that the U.S. Army selected a variant of the P320 model pistol, referred to as the M17 and M18 Modular Handgun System, as its new service weapon, with the contract being awarded to SIG in January 2017. SIG denies any remaining allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. SIG denies the allegations contained in Paragraph 91 of Plaintiff's Complaint and demands strict proof thereof at trial.

92. SIG admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017. SIG denies the remaining allegations contained in Paragraph 92 of Plaintiff's Complaint and demands strict proof thereof at trial.

93. SIG admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017. SIG denies that the "entire internal firing system" was modified and further denies that its work with the Army applied to the P320 model pistol, as opposed to the M17/M18 variant. SIG denies the remaining allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. SIG admits that the P320 model pistol continued to meet the relevant industry safety standards prior to the implementation of the upgrade program. SIG denies the allegations contained in Paragraph 94 of Plaintiff's Complaint as stated and demands strict proof thereof at trial

95.     SIG admits that the P320 model pistol has never been recalled, but SIG denies that the P320 model pistol is defective. SIG further denies the remaining allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     SIG denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

**V.     P320 Manual Amended to State that "Vibration" Can Make it Fire**

97.     SIG responds that the quoted language from the P320 owner's manual speaks for itself. SIG denies Plaintiff's characterization of the language and denies any allegations related to such language. SIG denies any remaining allegations contained in Paragraph 97 of Plaintiff's Complaint and demands strict proof thereof at trial.

98.     SIG denies the characterization of SIG's warning contained in the P320 owner's manual and further states that the document referenced speaks for itself. SIG denies any remaining allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     SIG admits that the internal safety features of the P320 model pistol prevent it from firing without trigger actuation. SIG denies any remaining allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.     SIG denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.     SIG denies the allegations contained in Paragraph 101 of Plaintiff's Complaint. SIG further denies that the illustration contained in Paragraph 101 of Plaintiff's Complaint is accurate, as it is a created animation that does not depict the actual condition of any P320 model pistol.

**VI.     Chronological History of Other Alleged Defective Discharges of the P320**

102.     SIG admits that there have been allegations of unintended discharges involving the P320 model pistol, but SIG denies that the P320 is capable of firing without trigger actuation.

103.     SIG admits that it was made aware of an incident involving a Roscommon County

Sheriff's deputy whose P320 model pistol discharged as he was exiting his vehicle. SIG further responds that the Roscommon County Sheriff's Office's investigation concluded that the pistol discharged as a result of a seatbelt buckle becoming entangled in the trigger guard area of the deputy's pistol, causing the trigger to be pulled. SIG denies that the pistol at issue can be seen on the bodycam video, and SIG denies any remaining allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.    SIG responds that the video referenced in Paragraph 104 of Plaintiff's Complaint speaks for itself. SIG further responds that the video does not show the pistol or seatbelt at the time the pistol discharges. SIG denies any characterizations of the incident contained in Paragraph 104 of Plaintiff's Complaint. SIG further responds that the investigating officer from the Roscommon County Sheriff's Office concluded that the pistol discharged as a result of the seatbelt buckle entering the trigger guard of the pistol and causing the pistol to discharge as the deputy was exiting his vehicle. The investigating officer confirmed this conclusion in a sworn declaration. SIG denies any remaining allegations contained in Paragraph 104 of Plaintiff's Complaint and demands strict proof thereof at trial.

105.    SIG admits that it is aware of alleged incidents of negligent discharges in Surprise, AZ in 2016, but SIG denies that those discharges occurred without a trigger pull as alleged in Paragraph 105 of Plaintiff's Complaint and demands strict proof thereof at trial.

106.    SIG admits that it is aware of an alleged incident that occurred in October 2016 in South Carolina involving Mr. Frankenberry, but SIG denies that the subject P320 pistol discharged in that incident without a trigger pull. SIG denies any remaining allegations contained in Paragraph 106 of Plaintiff's Complaint and demands strict proof thereof at trial.

107.    SIG admits that it is aware of an incident involving a Holmes Beach, Florida officer

who was injured when his P320 pistol discharged following an overnight shift. SIG further responds that the investigation into that incident determined that the officer inadvertently pulled the trigger as he was attempting to unload the pistol. SIG denies any remaining allegations contained in Paragraph 107 of Plaintiff's Complaint and demands strict proof thereof at trial.

108. SIG admits that a Connecticut police officer alleged that he was injured when he dropped an unsecured P320 pistol while transporting it to his vehicle, but SIG denies the remaining allegations contained in Paragraph 108 of Plaintiff's Complaint and demands strict proof thereof at trial.

109. SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 109 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 109 of Plaintiff's Complaint and demands strict proof thereof at trial.

110. SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 110 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 110 of Plaintiff's Complaint and demands strict proof thereof at trial.

111. SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 111 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 111 of Plaintiff's Complaint and demands strict proof thereof at trial.

112. SIG admits that it sold P320 pistols to the Loudon County Sheriff's Office in or around June 2017, which is entirely irrelevant to this action which involves a P320 model pistol purchased by the Bridge City, TX Police Department, not the Loudon County Sheriff's Office. SIG denies any remaining allegations contained in Paragraph 112 of Plaintiff's Complaint and demands strict proof thereof at trial.

113. SIG admits that it was notified of an alleged negligent discharge of a dropped P320

pistol as alleged in Paragraph 113 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 113 of Plaintiff's Complaint and demands strict proof thereof at trial.

114.    SIG admits that there had been no drop-related P320 incidents in the U.S. commercial market that were reported to SIG as of August 2017, when SIG's CEO made a statement to that effect.  SIG denies any allegations related to the statement contained in Paragraph 114 of Plaintiff's Complaint, as the statement speaks for itself.

115.    SIG admits that it announced the P320 upgrade program on August 8, 2017. The language quoted in Paragraph 115 of Plaintiff's Complaint is incomplete and not put into context. SIG further responds that the referenced document, in its full and complete version, speaks for itself. SIG denies any remaining allegations contained in Paragraph 115 of Plaintiff's Complaint and demands strict proof thereof at trial.

116.    SIG denies the allegations contained in Paragraph 116 of Plaintiff's Complaint as stated and demands strict proof thereof at trial. SIG further responds that detailed information regarding the upgrade program and the reasons for implementing the program are available on SIG's website at: https://www.sigsauer.com/p320-voluntary-upgrade-program.

117.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiff's Complaint as stated and demands strict proof thereof at trial.

118.    SIG admits that is aware of a negligent discharge incident involving a P320 pistol where the officer reportedly fell onto his pistol while pursuing a suspect. SIG denies that the P320 pistol involved in that incident discharged without trigger actuation and denies any remaining allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320

pistol as alleged in Paragraph 119 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 119 of Plaintiff's Complaint and demands strict proof thereof at trial.

120.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiff's Complaint as stated and demands strict proof thereof at trial.

121.     SIG admits that Loudon County, Virginia deputy sheriff Marcie Vadnais was injured when she inadvertently pulled the trigger on her P320 pistol as she was trying to remove her holstered firearm from her belt while seated in her department-issued vehicle. SIG denies the remaining allegations contained in Paragraph 121 of Plaintiff's Complaint and demands strict proof thereof at trial.

122.     SIG admits that Deputy Vadnais's P320 pistol was CT-scanned and that the scan confirmed the internal safeties of the pistol were in their proper engagement and were operating as designed. SIG admits that there were misaligned sear springs in the Vadnais pistol, but denies that these could have played any role in allowing the pistol to discharge without a trigger pull. SIG denies the remaining allegations contained in Paragraph 122 of Plaintiff's Complaint and demands strict proof thereof at trial.

123.     SIG admits that it has sent supplemental information to customers reminding them of the continued availability of the free upgrade program. SIG further admits that the P320 model pistol has never been recalled. SIG denies any remaining allegations contained in Paragraph 123 of Plaintiff's Complaint and demands strict proof thereof at trial.

124.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 86 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 86 of Plaintiff's Complaint and demands strict proof thereof at trial.

125.     SIG admits that it was notified of an incident as alleged in Paragraph 125 of Plaintiff's Complaint which involved an intentional trigger pull, but denies the characterization of the incident included in Paragraph 125. SIG denies any remaining allegations contained in Paragraph 87 of Plaintiff's Complaint and demands strict proof thereof at trial.

126.     SIG admits that it was notified of an incident involving the discharge of a Rancho Cucamonga police officer's P320 pistol. SIG further responds that following an internal investigation by the Rancho Cucamonga Police Department, it was determined that a set of keys attached to the outside of a bag being carried by the officer had become inserted in the trigger area of the officer's P320, causing the trigger to be pulled. SIG denies any remaining allegations contained in Paragraph 126 of Plaintiff's Complaint and demands strict proof thereof at trial.

127.     SIG lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 127 of Plaintiff's Complaint and demands strict proof thereof at trial.

128.     SIG admits that it was made aware of an alleged discharge incident involving Mr. Lang but denies that the P320 pistol at issue discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.     SIG admits that it was notified of an alleged negligent discharge involving officer Ahern which did not result in any physical injury as alleged in Paragraph 129 of Plaintiff's Complaint but denies that the P320 pistol at issue discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 129 of Plaintiff's Complaint and demands strict proof thereof at trial.

130.     SIG denies the allegations contained in Paragraph 130 of Plaintiff's Complaint as stated. Upon information and belief, the Somerville Police Department investigated the referenced

negligent discharge incident and determined that the subject P320 pistol was unsecured inside a gym bag and while it was being carried, something inside the gym bag caused the trigger to be pulled. SIG denies any remaining allegations contained in Paragraph 130 of Plaintiff's Complaint and demands strict proof thereof at trial.

131.     SIG admits that it was notified of an alleged negligent discharge involving Agent Jinn as alleged in Paragraph 131 of Plaintiff's Complaint but denies that the P320 pistol at issue discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 131 of Plaintiff's Complaint and demands strict proof thereof at trial.

132.     SIG admits that it was notified of an alleged discharge involving officer Jacklyn which did not result in any injury as alleged in Paragraph 132 of Plaintiff's Complaint, but denies that the P320 pistol at issue discharged without a trigger pull. SIG denies any remaining allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.     SIG denies that any video of the incident shows the P320 pistol involved or the discharge incident itself. SIG denies any remaining allegations contained in Paragraph 133 of Plaintiff's Complaint and demands strict proof thereof at trial.

134.     SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

135.     SIG admits that it was notified of an alleged negligent discharge involving Officer Desrosiers as alleged in Paragraph 135 of Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 135 of Plaintiff's Complaint and demands strict proof thereof at trial.

136.     SIG admits that it was notified of an alleged negligent discharge involving Officer

Kneski as alleged in Paragraph 136 of Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 136 of Plaintiff's Complaint and demands strict proof thereof at trial.

137.   SIG admits that Mr. Villani issued a report on his purported inspection of a P320 model pistol as alleged in Paragraph 137, but SIG denies that the information contained in Mr. Villani's report is accurate. SIG further states that the alleged statement in Paragraph 137 of Plaintiff's Complaint speaks for itself, and to the extent Plaintiff are making any allegations related to this statement, they are denied. SIG denies any remaining allegations contained in Paragraph 137 of Plaintiff's Complaint and demands strict proof thereof at trial. SIG further denies that Mr. Villani is qualified to provide the incorrect opinion referenced in Paragraph 137 of Plaintiff's Complaint.

138.   SIG admits that it was notified of an alleged negligent discharge involving Officer Gardette as alleged in Paragraph 138 of Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 138 of Plaintiff's Complaint and demands strict proof thereof at trial.

139.   SIG admits that it was notified of an alleged negligent discharge involving Officer Albert as alleged in Paragraph 139 of Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 139 of Plaintiff's Complaint and demands strict proof thereof at trial.

140.   SIG admits that it was notified of an alleged negligent discharge involving Mr. Larsen as alleged in Paragraph 140 of Plaintiff's Complaint, but SIG denies the remaining allegations contained in Paragraph 140 of Plaintiff's Complaint and specifically denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

141.   SIG admits that it was notified of an alleged negligent discharge involving Officer Northrop as alleged in Paragraph 141 of Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 141 of Plaintiff's Complaint and demands strict proof thereof at trial.

142.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

143.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

144.    SIG admits that it was notified of an alleged negligent discharge involving a Milwaukee police officer in July 2020 as alleged in Paragraph 144 of Plaintiff's Complaint, but SIG denies the remaining allegations contained in Paragraph 144 of Plaintiff's Complaint and specifically denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

145.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

146.    SIG admits that it is aware of an alleged negligent discharge involving a member of Canadian Special Forces as alleged in Paragraph 146 of Plaintiff's Complaint. SIG further admits that on June 30, 2021, the Canadian Armed Forces issued a statement concluding that "no technical failure occurred within the pistol," and that "[t]he pistol functioned as per the requirements as demonstrated by the weapons technical experts who trialed thousands of rounds without a reoccurrence." The Canadian Armed Forces further concluded that "the primary probable cause of the incident was due to a partial depression of the trigger by a foreign object." SIG denies any remaining allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.    SIG lacks knowledge and information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 147 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

148.    SIG denies the allegations contained in Paragraph 148 of Plaintiff's Complaint, and SIG further denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

149.    The allegations contained in Paragraph 149 of Plaintiff's Complaint appear to refer to the instant action and are denied and strict proof is demanded at trial.

150.    SIG denies the allegations contained in Paragraph 150 of Plaintiff's Complaint, and SIG further denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

151.    SIG denies the allegations contained in Paragraph 151 of Plaintiff's Complaint, SIG further denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

152.    SIG denies the allegations contained in Paragraph 152 of Plaintiff's Complaint, and SIG further denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

153.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

154.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

155.    SIG is aware of a negligent discharged as alleged in Paragraph 155 of Plaintiff's

Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

156. SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

157. SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

158. SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of Plaintiff's Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

159. SIG admits that there have been prior instances of negligent discharges at the Sig Sauer Academy, but denies that any instances involved a P320 pistol discharging without the trigger being pulled. SIG denies any remaining allegations contained in Paragraph 159 of Plaintiff's Complaint as stated and demands strict proof thereof at trial.

<u>COUNT I</u>

<u>ALLEGED STRICT PRODUCT LIABILITY</u>

160. In response to Paragraph 160 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 159 as though fully set forth herein.

161. SIG denies the allegations contained in subparagraphs a.-d. of Paragraph 161 of Plaintiff's Complaint, and demands strict proof thereof at trial. Any remaining allegations are denied as conclusions of law to which no responsive pleading is required.

162.     SIG denies the allegations contained in Paragraph 162 of Plaintiff's Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

163.     SIG denies the allegations contained in Paragraph 163 of Plaintiff's Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

164.     SIG denies the allegations contained in Paragraph 164 of Plaintiff's Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

165.     SIG denies the allegations contained in Paragraph 165 of Plaintiff's Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiff together with all costs and attorney's fees.

## <u>COUNT II</u>

## <u>ALLEGED NEGLIGENCE</u>

166.     In response to Paragraph 166 of Plaintiff's Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 165 as though fully set forth herein.

167.     SIG denies the allegations contained in Paragraph 167 of Plaintiff's Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

168.     SIG denies the allegations contained in Paragraph 168 of Plaintiff's Complaint as

conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

169.     SIG denies the allegations contained in Paragraph 169 of Plaintiff's Complaint as conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

170.     SIG denies the allegations contained in Paragraph 170, including the allegations contained in subparts i. – viii., of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

171.     SIG denies the allegations contained in Paragraph 171 of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

172.     SIG denies the allegations contained in Paragraph 172 of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

173.     SIG denies the allegations contained in Paragraph 173 of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

174.     SIG denies the allegations contained in Paragraph 174 of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiff together with all costs and attorney's fees.

### COUNT III

### ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

175.     In response to Paragraph 175 of Plaintiff's Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 174 as though fully set forth herein.

176. SIG admits that it markets, sells, and distributes certain firearms, including the P320 model pistol, but denies any remaining allegations contained in Paragraph 176 of Plaintiff's Amended Complaint.

177. SIG denies the allegations contained in Paragraph 177 of Plaintiff's Amended Complaint as alleged and demands strict proof thereof at trial.

178. SIG denies the allegations contained in Paragraph 178 of Plaintiff's Amended Complaint as alleged and demands strict proof thereof at trial.

179. SIG denies the allegations contained in Paragraph 179 of Plaintiff's Amended Complaint, including the allegations contained in subparts i. – vi., and demands strict proof thereof at trial.

180. SIG denies the allegations contained in Paragraph 180 of Plaintiff's Amended Complaint and demands strict proof thereof at trial.

181. SIG denies the allegations contained in Paragraph 181 of Plaintiff's Complaint and demands strict proof thereof at trial.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiff together with all costs and attorney's fees.

## COUNT IV

## ALLEGED BREACH OF EXPRESS WARRANTY

182-187. Plaintiff has stipulated to the dismissal of this count. Therefore, no response is required. To the extent any allegations in Paragraphs 182 through 187 of Plaintiff's Complaint require a response, SIG denies such allegations and demands strict proof thereof at trial.

## COUNT V
## ALLEGED VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 USC § 2308(a)

188-196.     Plaintiff has stipulated to the dismissal of this count. Therefore, no response is required. To the extent any allegations in Paragraphs 188 through 196 of Plaintiff's Complaint require a response, SIG denies such allegations and demands strict proof thereof at trial.

## COUNT VI

## ALLEGED GROSS NEGLIGENCE

197.     In response to Paragraph 197 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 196 as though fully set forth herein.

198.     SIG denies the allegations contained in Paragraph 198 of Plaintiff's Complaint and demands strict proof thereof at trial.

199.     SIG denies the allegations contained in Paragraph 199 of Plaintiff's Complaint and demands strict proof thereof at trial.

200.     SIG denies the allegations contained in Paragraph 200 of Plaintiff's Complaint and demands strict proof thereof at trial.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiff together with all costs and attorney's fees.

## COUNT VII

## RESULTING LEGAL DAMAGES

201.     In response to Paragraph 201 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 200 as though fully set forth herein.

202.     SIG denies the allegations contained in Paragraph 202 of Plaintiff's Complaint including the allegations contained in subparts i. – xii, and demands strict proof thereof at trial.

203.     SIG denies the allegations contained in Paragraph 203 of Plaintiff's Complaint

and demands strict proof thereof at trial.

204.    SIG denies the allegations contained in Paragraph 204 of Plaintiff's Complaint and demands strict proof thereof at trial.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiff together with all costs and attorney's fees.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Alteration/Improper Use)**

SIG has no control over the maintenance, handling, or use of its products. SIG further states that if there was any defect or deficiency to a product manufactured by SIG, at the time of the incident alleged, such defect or deficiency did not relate to the original design, manufacture or sale of the product or of any problems undertaken by SIG, but on the contrary, the result is of other acts or omissions on the part of others for whom SIG is not responsible including negligent or faulty maintenance, handling, use, or alteration.

### THIRD AFFIRMATIVE DEFENSE
**(Written Warnings)**

No warnings or instructions were required because any claimed danger would be apparent to an ordinary user. However, SIG provided written warnings against the particular uses, misuses, or abuses by the Plaintiff of the firearm that is the subject of the Complaint. The warnings and instructions were sufficient to inform an ordinary user of the risk of harm. The risk of harm was one that an ordinary user would reasonably expect.

### FOURTH AFFIRMATIVE DEFENSE
**(Negligence of Others)**

The occurrence, injuries and damages claimed by Plaintiff were proximately caused by the acts, omissions, fault and/or negligence of Plaintiff and/or other third parties over whom SIG had no right to control.

### FIFTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Plaintiff was the sole proximate cause of the occurrence, injuries and damages claimed by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE
### (Superseding/Intervening Cause)

SIG will show that any injury was due to and proximately caused and occasioned by the intervening and/or superseding cause, negligence and/or recklessness of a party or parties other than SIG. Such intervening and/or superseding cause, negligence and/or recklessness was/were the sole and proximate cause of the injuries sustained by Plaintiff, and therefore, Plaintiff cannot recover against SIG.

### SEVENTH AFFIRMATIVE DEFENSE
### (Pre-existing condition)

Any disability, disfigurement or injury claims alleged by Plaintiff are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any act of negligence on the party of SIG.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims and damages may be limited, in whole or in part, by the Plaintiff's failure to mitigate their damages. Plaintiff failed to follow a proper post-operative care protocol and/or sought and underwent contra-indicated post-operative medical care and treatment that caused, aggravated, and/or exacerbated their alleged injuries and damages.

## NINTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff assumed the risk of the injuries and damages claimed as a result of the events set forth in the Complaint and his assumption of risk bars or reduces his recovery.

## TENTH AFFIRMATIVE DEFENSE
### (Setoff)

SIG invokes its right to a reduction in any dollar verdict which may be rendered in this case by credit for payments made to the Plaintiff by other persons or entities, or by percentage reductions to which SIG would be entitled as a result of a jury finding against Plaintiff or parties other than SIG. SIG reserves its right to submit issues against parties, including the Plaintiff, and other parties who may be absent from this case at the time the case is submitted to the jury.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Compliance with Government Standards)

The subject firearm and all component parts complied with all federal, state, and local codes, government and industry standards, regulations, specifications and statutes regarding the manufacture, sale and use of the product at all times pertinent to this action.

## TWELFTH AFFIRMATIVE DEFENSE
### (Misuse/Abuse)

Plaintiff is not entitled to recover, or her damages may be reduced proportionally, to the extent any alleged damages or injuries were caused by the misuse, abuse, failure to properly maintain or care for the products at issue herein, or substantial modification of the product.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (State of the Art)

Plaintiff cannot recover herein against SIG because the design, manufacture, packaging, warning and labeling of the product described in Plaintiff's Complaint was in conformity with the generally recognized state of the art, practice, custom, and knowledge at the time such product was

designed, manufactured, packaged and labeled.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Negligence)

Plaintiff's own negligence proximately caused the injuries complained of herein. In this regard, and generally, SIG hereby invokes the doctrine of contributory/comparative negligence, which reduces any recovery by Plaintiff proportionately to the fault attributed to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Duty to Plaintiff)

SIG denies that it owed a duty to Plaintiff as alleged; however, if it is determined that SIG owed Plaintiff a duty, SIG denies that the duty was breached. SIG was not negligent and acted with reasonable care under the facts and circumstances of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute of limitation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred, diminished or reduced to the extent that the dangers, if any, associated with the product referenced in Plaintiff's Complaint, were not unreasonable, were known by the Plaintiff, constituted commonly or generally known dangers, were open or obvious, and because Plaintiff was a knowledgeable user of the product.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged damages are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards and damages, caps on recovery, setoffs, and apportionment.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Retroactive Enforcement)

Plaintiff's claims are barred, in whole or in part, because they violate SIG's rights under

the Due Process and ex post facto clauses of the United States Constitution, as well as cognate provisions of the Constitution of the State of Florida, or other applicable state constitution, to the extent Plaintiff seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Right to Amend)

SIG reserves the right to amend its answer and plead additional or more specific affirmative defenses as warranted by the facts determined through the conclusion of the discovery process.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Sig Sauer, Inc., respectfully requests this Court to enter its Order:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Awarding SIG its costs incurred in defending this action; and

C. Awarding SIG such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

CLARK HILL PLC

By: _/s/ H. Scott Alexander_____
Bijan Siahatgar
Texas Bar No. 18336200
H. Scott Alexander
State Bar No. 00793247
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
Telephone:     409.351.3801
Facsimile:     409.351.3883
bsiahatgar@clarkhill.com
hsalexander@clarkhill.com

**ATTORNEYS FOR DEFENDANT,
SIG SAUER, INC.**

## CERTIFICATE OF SERVICE

I hereby certify and affirm that on November 8, 2021, the foregoing document was served on all known counsel of record pursuant to the Federal Rules of Civil Procedure using the ECF system.

*/s/ H. Scott Alexander*
**H. SCOTT ALEXANDER**