**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| BRITTANY B. HILTON, | : | |
| Plaintiff, | : | |
| | : | NO. 1:21-CV-00441-MJT |
| vs. | : | |
| | : | |
| SIG SAUER, INC., | : | JURY DEMANDED |
| Defendants, | : | |
| | : | |

**DEFENDANT SIG SAUER'S MOTION FOR SUMMARY JUDGMENT**

Defendant Sig Sauer, Inc. ("Sig Sauer") files this Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56.

**STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT**

Whether Defendant Sig Sauer is entitled to Summary Judgment due to Plaintiff's failure to present sufficient evidence in support of her claims.

**MEMORANDUM OF LAW**

For the reasons discussed below, summary judgment should be entered on the entirety of Plaintiff's Complaint.

**INTRODUCTION**

The U.S. District Court for the District of South Carolina recently granted summary judgment for Sig Sauer for nearly identical reasons to those raised herein. *See Frankenberry v. Sig Sauer, Inc.*, 4:19-cv-02990-JD, ECF No. 79, p. 12 (D.S.C. Feb. 4, 2022) (**Ex. A**). After precluding the plaintiffs' expert[1] from testifying in *Frankenberry*, the court dismissed the plaintiffs' complaint because: (1) the plaintiffs could not proceed on their defect claims without expert testimony, and (2) the plaintiffs could not establish causation. *See id.*

---

[1] One of Plaintiff's experts in this case, Peter Villani, was the expert excluded from testifying in the *Frankenberry* action. Mr. Villani's opinions in this case are identical to those he sought to provide in *Frankenberry* and fail here for the same reasons they failed in that case.

1

As asserted in Sig Sauer's companion *Daubert* motions to preclude Plaintiff's experts, and as the court did in *Frankenberry*, this Court should preclude both of Plaintiff's liability experts because they are not qualified to testify about firearm design or manufacture, and because their opinions are unreliable. For the reasons set forth herein, and as the court did in *Frankenberry*, this Court should then dismiss Plaintiff's Complaint because she cannot proceed on any of her claims without expert testimony, nor can she establish causation.

<strong><u>STATEMENT OF UNDISPUTED FACTS</u></strong>

### A. The Underlying Incident

Plaintiff, Bridge City police officer Brittany Hilton, claims she was injured when her department-issued Sig Sauer P320 pistol discharged a round without the trigger being pulled. *See* Pl's Compl. (Ex. B). The loaded pistol was being carried in Plaintiff's purse—along with many other loose items—when it discharged. *See* Hilton Dep. 61:3-14 (Ex. C). Plaintiff picked up her purse from beneath her desk, dropped a bottle of body spray into it, and looped the straps of the purse over her forearm. *See* Hilton Dep. 56:12-22 (Ex. C).



*Figure 1- Contents of Plaintiff's Purse (After Pistol Removed)*

As she started to walk out from behind her desk, the pistol discharged a round into her upper thigh. *See* Hilton Dep. 27:16-19 (Ex. C).

### B. Plaintiff's Experts Peter Villani and Timothy Hicks

In support of her claim, Plaintiff disclosed expert liability reports from Peter Villani and Timothy Hicks.[2] As discussed in Sig Sauer's *Daubert* motions, neither Villani nor Hicks have any experience in firearm design or manufacture and, therefore, neither is qualified to render the design and manufacturing defect opinions they provide in this case. *See* Villani Dep. in Hilton at 23:22-25:7 (Ex. D); Hicks Dep. in Hilton at 21:17-22:8; 141:2-4 (Ex. E). Moreover, both Villani and Hicks confirm they have not conducted ***any testing*** to confirm that any of their purported design and manufacturing defects could actually cause a P320 pistol to fire without a trigger pull. *See* Villani Dep. in Hilton at 27:3-17; 22:22-23:2; 52:21-24; 55:2-

---

[2] In addition to Villani and Hicks, Plaintiff also disclosed the expert report of Jonathyn Priest. *See* Priest Report (Ex. H). However, Priest was only retained to perform a trajectory analysis and does not offer opinions regarding defects or causation. *See* Priest Report (Ex. H); Priest Dep. in Hilton at 9:21-10:11; 20:20-21:9 (Ex. I).

3

15; 87:22-88:3; Hicks Dep. in Hilton at 142:17-22; 149:14-150:13 (Ex. E). As a result, neither Villani nor Hicks can point to any objective evidence to demonstrate that—even if their purported design and manufacturing defects did exist—such defects could cause a P320 pistol to discharge without a trigger pull.

Neither Villani nor Hicks undertook any efforts to rule out the most likely cause of the pistol discharge—a trigger pull. Indeed, Villani did not speak with Plaintiff or read her deposition, nor did he speak with any of the officers who were present immediately after the discharge occurred. *See* Villani Dep. in Hilton at 17:1-7. Nor did he examine any of the items that were in Plaintiff's purse at the time of the discharge to determine whether they could have caused the trigger to be pulled. *See* Villani Dep. in Hilton at 117:9-20. He did not review any materials relevant to the case or undertake any independent efforts to determine what happened. *See* Villani Dep. in Hilton at 5:14-18, 7:19-24; 19:20-20:9.

Similarly, although he reviewed the transcript of Plaintiff's deposition, Hicks never spoke with Plaintiff or any of the Bridge City Police Department officers who were present immediately after the discharge occurred and carried out the department's investigation of the discharge. *See* Hicks Dep. in Hilton at 126:2-13. Hicks did not undertake any efforts to determine whether any of the other items in Plaintiff's purse could have caused the discharge by inadvertently actuating the trigger. *See* Hicks Dep. in Hilton at 111:1-4. Moreover, Hicks admits that he did not perform numerous tests that should have been performed to determine whether the pistol can fire without a trigger pull. *See* Hicks Dep. in Hilton at 50:1-51:22. Further, neither Villani nor Hicks provide any opinion regarding a reasonable alternative design for the P320 pistol. *See* Villani Report (Ex. F); Hicks Report (Ex. G).

## **STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when the pleadings, depositions, interrogatories, and affidavits establish that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), 56(c)(1). "One of the principal purposes of the summary judgment rule

4

is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant's burden is met by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id*. at 325. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

The moving party must establish that no genuine issue of material fact exists. *Ibarra v. United Parcel Serv.*, 695 F.3d 354, 355 (5th Cir. 2012). This burden is satisfied if the moving party shows an absence of evidence to support essential elements of the non-moving party's claims. *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 544 (5th Cir. 2005). If the moving party meets this burden, then the non-movant must come forward with specific facts showing that there is a genuine issue requiring a trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)

The non-movant can neither rest on his pleadings, nor on conclusory allegations or denials. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U. S. 253, 288 (1968) *rehearing denied*, 393 U.S. 901 (1968)); *Ransom v. M. Patel Enters., Inc.*, 825 F. Supp. 2d 799, 802 (W.D. Tex. 2011). Nor can a party rely on mere speculation or conjecture to overcome a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr*., 476 F.3d 337, 343 (5th Cir. 2007). Simply, a plaintiff must do more than show that there is some metaphysical doubt as to material facts. *Crawford-El v. Britton*, 93 F.3d 813 (D.C. Cir. 1996); *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

### ARGUMENT

Plaintiff's claims must be dismissed because: (1) she does not have admissible expert evidence to support her defect claims (as set forth in Sig Sauer's motions to preclude each of Plaintiff's experts), (2) she has not identified a reasonable alternative design, and (3) she fails to establish causation.

    **A. Plaintiff Has No Admissible Expert Evidence to Support Her Claims**

To establish a genuine issue of material fact for trial in any product liability defect case, a plaintiff must produce admissible expert evidence to support the *prima facie* elements of the case. In Texas, "[t]o recover for a product liability claim alleging design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 807 (S.D. Tex. 2011) *quoting Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). Design defects are evaluated in light of the economic and scientific feasibility of safer alternatives. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 335 (Tex. 1998).

Texas courts uniformly rule that competent, non-conclusory expert testimony is needed for a plaintiff to establish the *prima facie* elements of the case in cases involving complex design issues. *See Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 409 (5th Cir. 2016); *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 583 (Tex. 2006)*; In re Zimmer, Inc.*, 451 S.W.3d 893, 906 (Tex. App.—Dallas 2014). This is such a case. A reasonable juror cannot be expected to understand the intricacies of the internal functioning of the P320 pistol, including how it is designed and manufactured, without expert evidence. The U.S. District Court for the District of South Carolina recently agreed: "Plaintiffs' defect theory (that excess material creates a lack of engagement between internal parts of a pistol and overrides two internal safety features in the Pistol) is outside the knowledge of an ordinary layperson." *See Frankenberry v. Sig Sauer, Inc.*, 4:19-cv-02990-JD, ECF No. 79, p. 14 (D.S.C. Feb. 4, 2022) (Ex. A).

Plaintiff must produce testimony of a competent expert to prove that the subject firearm was in a defective condition ***and*** that said defect caused Plaintiff's injuries. *Norman v. Bodum USA, Inc.*, 44 F.4th 270, 272 (5th Cir. 2022). Plaintiff identified Villani and Hicks as her sole liability defect experts to speak on these matters. Sig Sauer has moved to exclude the opinions and evidence of Villani and Hicks pursuant to Fed. R. Evid. 702, 402 and 403 as applied in *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993), and its progeny. *See* Motions to Preclude Villani and Hicks, Dkts. 26, 27.  The evidence and opinions of Villani

and Hicks are not admissible because neither expert is qualified to testify about gun design or manufacturing and neither expert offers reliable opinions. If the Court grants those motions, Plaintiff will be without expert testimony on these complex design and manufacturing issues and will be unable to establish a genuine issue of material fact at trial. Without expert testimony, Sig Sauer is entitled to judgment as a matter of law. However, even if the expert testimony is admitted—which it should not be— the proffered evidence fails to raise material facts to support Plaintiff's claims.

### B. Plaintiff Has Failed to Establish Proximate Causation

In addition to identifying a defect in the product at issue, Plaintiff must also prove that the defective condition of the product was a substantial factor in bringing about her claimed injuries. *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004) Merely establishing a defect as a possible cause of an accident is not adequate to prove liability. *Emery v. Medtronic, Inc.*, 793 Fed. Appx. 293, 295 (5th Cir. 2019). Likewise, it is well established that expert testimony is required to establish causation where the issue of causation is beyond the knowledge of lay jurors. *Emery v. Medtronic, Inc.*, 793 Fed. Appx. 293, 296 (5th Cir. 2019) ("We agree with the district court that "medical malpractice and product liability cases are quintessentially expert cases."); *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393 (5th Cir. 2016).

Plaintiff has not carried her burden of demonstrating that the P320 pistol's alleged defective design proximately caused her injuries, nor can she. Neither of Plaintiff's two experts opining on design, Villani and Hicks, even attempted to demonstrate causation in this matter. Rather, they simply visually examined several P320 pistols, including Plaintiff's pistol, to see if they *could* discharge without a trigger pull—i.e., whether it was a *possible* cause. While Villani does not even try to connect the alleged defects with this accident, Hicks goes one step further and takes the illogical leap that if the P320 pistol *could* have discharged without a trigger pull, it is more probable than not that it did discharge without a trigger pull

7

in this accident. Yet, Hicks did not undertake any efforts to rule out a trigger pull even though he acknowledges that would cause the pistol to fire. *See* Hicks Dep. in Hilton at 123:4-5.

Plaintiff's purported design experts agree that there are only two possible scenarios for the gun to discharge: (1) the trigger was pulled (either by a finger or other object), or (2) the gun discharged without a trigger pull. It is undisputed that a gun will discharge if the trigger is pulled, and Plaintiff has done no work to rule this out. *See* Hicks Dep. in Hilton at 111:1-4; 123:4-5; Villani Dep. in Hilton at 20:10-15; 17:1-7. Conversely, neither Plaintiff nor Plaintiff's experts opining on design have been able to demonstrate that the P320 can discharge without a trigger pull. *See* Hicks Dep. in Hilton at 50:17-19; 80:4-81:2; 83:16-85:15; 86:17-87:9; 103:12-104:4; Villani Dep. in Hilton at 22:22-23:2; 52:21-24; 55:2-15; 87:22-88:3. Plaintiff cannot rest on mere conjecture that the P320 discharged without a trigger pull without eliminating the possibility that a trigger pull caused the discharge. *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 808 (Tex. 2006).

It is undisputed that the P320 is designed to fire, and will fire as intended, when the trigger is pulled. Conversely, Plaintiff has no evidence that the P320 will fire *without* a trigger pull. Notably, Plaintiff's purported design experts admit that even if the alleged defects are present in the P320, if the Plaintiff accidentally pulled the trigger, or if a foreign object got into the trigger guard and pulled the trigger, the pistol fired as intended and any alleged defects **did not cause** Plaintiff's injuries. *See* Hicks Dep. in Hilton at 111:1-4; 123:4-5; Villani Dep. in Hilton at 20:10-15; 17:1-7. Plaintiff has not asked either of her purported design experts to eliminate an accidental trigger pull as a cause of the discharge; rather, she only asked her experts to offer a mere *possibility* that Plaintiff's injuries were caused by the alleged defects. There is no competent evidence to support Plaintiff's leap from *could* cause to *did* cause. Absent any evidence that Plaintiff's P320 actually discharged without a trigger pull in this accident, neither Villani nor Hicks is able to link the alleged defect with causation of Plaintiff's injuries. Because Plaintiff cannot demonstrate proximate causation, her claims fail as a matter of law.

### C. Plaintiff Has Not Presented Evidence of a Reasonable Alternative Design

To prevail on her claims, Plaintiff must also present evidence of a reasonable alternative design, which neither Plaintiff nor her experts even attempt to do here. Failure to proffer an alternative design is fatal to a design defect claim. *See Gutierrez v. Ethicon, Inc.*, No. 5:20-CV-00093-RCL, 2021 WL 2431016 (W.D. Tex. Apr. 23, 2021) ("When the plaintiff fails to make a showing [of a reasonable alternative design], her case has omitted a 'necessary' element of 'a defective-design claim' under Texas law"), *quoting Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 258 (Tex. 1999). Additionally, the proposed "alternative design must substantially reduce the risk of injury and be both economically and technologically feasible." *MCI Sales & Serv., Inc. v. Hinton*, 272 S.W.3d 17, 31 (Tex. App.—Waco 2008), *aff'd*, 329 S.W.3d 475 (Tex. 2010) Because the availability of a reasonable alternative design depends on factors such as production costs, product longevity, maintenance, repair, and aesthetics, it must generally be imparted through the testimony of an expert. *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 409 (5th Cir. 2016).

Even if Plaintiff's experts are allowed to testify, neither of Plaintiff's two experts opining on design defect has even attempted to provide proof of an alternative safer design of the P320 pistol. Both Villani and Hicks simply point to alleged excess material on the sear and striker foot as their main theory of a defect that could cause the subject pistol to fire without a trigger pull. Neither Villani nor Hicks have demonstrated how the alleged excess material could cause the sear and striker foot to disengage after already coming to rest without a trigger pull. But even if Plaintiff could establish the sear and striker foot connection was problematic, neither of her experts have provided an alternative design for the arrangement of components, much less demonstrated that such a design would be safer. "Texas law expects that an alternative design be tested before a jury can reasonably conclude that the alternative would prevent or reduce the risk of injury." *Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 332 (5th Cir. 2014). Plaintiff's experts haven't even attempted to produce a design capable of testing.

Because she has failed to come forward with an alternative design, Plaintiff's design defect claim must fail.

## **CONCLUSION**

For the reasons stated herein and in Defendant's accompanying *Daubert* Motions, this Honorable Court should grant summary judgment in favor of Defendant SIG Sauer.

Dated: October 17, 2022                                        Respectfully submitted,

/s/ H.Scott Alexander
Bijan R. Siahatgar
State Bar No. 18336200
H. Scott Alexander
State Bar No. 00793247
**CLARK HILL, PLC**
2615 Calder, Suite 240
Beaumont, TX  77702
Tel: (409) 351-3800
Fax: (409) 351-3883
bsiahatgar@clarkhill.com
hsalexander@clarkhill.com


/s/Kristen E. Dennison
Kristen E. Dennison
Brian Keith Gibson
Robert L. Joyce
**LITTLETON PARK JOYCE UGHETTA & KELLY, LLP**
4 Manhattanville Road, Suite 202
Purchase, NY  10577
Tel: (914) 417-3400
Fax: (914) 417-3401
kristen.dennison@littletonpark.com
keith.gibson@littletonpark.com
robert.joyce@littletonpark.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 17th day of October, 2022, a true and correct copy of the above and foregoing was e-filed and served via the ECF/CM system on all known counsel of record pursuant to the Federal Rules of Civil Procedure.

/s/ *H. Scott Alexander*
H. Scott Alexander

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRITTANY B. HILTON, <br> Plaintiff, <br> vs. <br> SIG SAUER, INC., <br> Defendants, | : <br> : <br> : NO. 1:21-CV-00441-MJT <br> : <br> : <br> : JURY DEMANDED <br> : <br> : |

### DECLARATION OF COUNSEL IN SUPPORT OF SIG SAUER, INC.'S RULE 56 MOTION FOR SUMMARY JUDGMENT

I, Kristen E. Dennison, Esq., an attorney admitted *pro hac vice* to practice law before this Court, affirm the following to be true, upon information and belief, under penalties of perjury:

1. I am a member of the firm of Littleton Park Joyce Ughetta & Kelly, LLP, attorneys for Defendant Sig Sauer, Inc. I am fully familiar with the facts and circumstances set forth herein based upon my participation in this case as counsel of record for Sig Sauer.

2. This Declaration is submitted in support of Sig Sauer's Rule 56 Motion for Summary Judgment.

3. Attached to Sig Sauer's Motion as Exhibit A is a true and accurate copy of the U.S. District Court for the District of South Carolina's Order and Opinion in *Frankenberry v. Sig Sauer, Inc.*, 4:19-cv-02990-JD, ECF No. 79 (D.S.C. Feb. 4, 2022).

4. Attached to Sig Sauer's Motion as Exhibit B is a true and accurate copy of Plaintiff's Complaint.

5. Attached to Sig Sauer's Motion as Exhibit C is a true and accurate copy of excerpts from the transcript of the deposition of Plaintiff Brittany Hilton.

6. Attached to Sig Sauer's Motion as Exhibit D is a true and accurate copy of excerpts from the transcript of the deposition of Peter Villani conducted in this matter.

7. Attached to Sig Sauer's Motion as Exhibit E is a true and accurate copy of excerpts from the transcript of the deposition of Timothy Hicks conducted in this matter.

8. Attached to Sig Sauer's Motion as Exhibit F is a true and accurate copy of the written report issued by Plaintiff's liability expert, Peter Villani.

9. Attached to Sig Sauer's Motion as Exhibit G is a true and accurate copy of the written report issued by Plaintiff's liability expert, Timothy Hicks.

10. Attached to Sig Sauer's Motion as Exhibit H is a true and accurate copy of the written report issued by Plaintiff's expert, Jonathyn Priest.

11. Attached to Sig Sauer's Motion as Exhibit I is a true and accurate copy of excerpts from the transcript of the deposition of Jonathyn Priest conducted in this matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 17, 2022                           Respectfully submitted,


                                                  */s/ Kristen E. Dennison*
                                                  Kristen E. Dennison
                                                  **LITTLETON PARK JOYCE UGHETTA & KELLY, LLP**
                                                  201 King of Prussia Road, Suite 220
                                                  Radnor, Pennsylvania 19087
                                                  kristen.dennison@littletonpark.com