**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| BRITTANY B. HILTON, : | |
| Plaintiff, : | |
| : | NO. 1:21-CV-00441-MJT |
| vs. : | |
| : | |
| SIG SAUER, INC., : | JURY DEMANDED |
| Defendants, : | |
| : | |

**DEFENDANT SIG SAUER, INC.'S MOTION FOR PROTECTIVE ORDER**
**PRECLUDING THE DEPOSITION OF SAMANTHA PIATT**

Defendant Sig Sauer, Inc. moves pursuant to Federal Rule of Civil Procedure 26(c) for a protective order barring the deposition of Sig Sauer's employee Samantha Piatt, and, in support thereof, states as follows:

1.  This is a product liability matter involving a P320 model pistol manufactured by Defendant Sig Sauer, Inc.

2.  Plaintiff, Bridge City police officer Brittany Hilton, claims she was injured when her department-issued Sig Sauer P320 pistol discharged a round without the trigger being pulled. *See* Pl's Compl. (Ex. A). Plaintiff asserts that the Subject Pistol was defectively designed or manufactured because it was able to discharge without the trigger being pulled. *See* Pl's Compl. (Ex. A). Plaintiff asserts claims for negligence, product liability, and breach of warranty. *See* Pl's Compl. (Ex. A). Defendant denies that the Subject Pistol is defective or capable of firing without a trigger pull.

3.  On or about October 5, 2022, Plaintiff served Defendant with a Notice of her intent to take the deposition of Defendant's employee Samantha Piatt on October 24, 2022. *See* NOD of S. Piatt (Ex. B).

4.  Plaintiff indicated that she seeks to depose Ms. Piatt regarding "communications

1

between you and Steven Hilton regarding Brittany I. Hilton, the incident described in the Complaint, a sex tape created by Mr. Hilton showing sexual relations between Ms. Hilton and Mr. Hilton, and/or any injuries incurred by Ms. Hilton, including but not limited to, all text messages and emails between you and Steven Hilton regarding any of these matters or any other matters relating to Ms. Hilton and her legal action against Sig Sauer, Inc." *See* NOD of S. Piatt (Ex. B).

5. Simultaneously, Plaintiff served Defendant with a Notice for a 30(b)(6) deposition, seeking production of a witness knowledgeable about, *inter alia*, "[a]ll communications with the ex-spouse of Brittany I. Hilton, Mr. Steven Hilton" and "[a]ny and all communications between Sig and Ms. Hilton's ex-husband, Steven Hilton, regarding her discharge incident, her injuries, and any other communications between Sig and Steven Hilton pertaining in any way to Ms. Hilton." *See* NOD of 30(b)(6) Witness (Ex. C). Sig Sauer has agreed to produce a corporate designee witness on these topics.

6. Plaintiff seeks Ms. Piatt's deposition to ask whether Plaintiff's ex-husband sent a sexually explicit video of Plaintiff with her ex-husband to Sig Sauer, despite Plaintiff's ex-husband's testimony that he did not.

7. Samantha Piatt is the Director of Communications & Media Relations for Sig Sauer, Inc. *See* Affidavit of Samantha Piatt (Ex. D).

8. On or about January 6, 2021, Steven Hilton, Plaintiff's ex-husband contacted Sig Sauer's Customer Service indicating that he had information relevant to Plaintiff's claims. *See* (Ex. D).

9. Ms. Piatt briefly communicated with Mr. Hilton before passing the information along to counsel. *See* (Ex. D).

10. Ms. Piatt has had no other involvement with Mr. Hilton and does not possess firsthand knowledge of any information relevant to Plaintiff's claims. *See* (Ex. D.)

11. Whether Sig Sauer received this video (which it did not) is neither relevant to Plaintiff's claims nor is it proportional to the needs of the case.

12. Moreover, Sig Sauer has already identified and produced records of Ms. Piatt's communications with Plaintiff's ex-husband and has agreed to produce a corporate designee to testify regarding these communications.

13. The information Plaintiff seeks to obtain from the deposition of Samantha Piatt has no relevance to Plaintiff's claims and would unduly burden Defendant if Samantha Piatt is required to sit for a deposition.

## MEMORANDUM OF LAW

### A. Legal Standard

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). Relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in this case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). But "[d]iscovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id*. at 351–52. Courts should consider a number of factors when determining whether discovery is proportional to the needs of the case, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1);

*Hometown 2006-1 1925 Valley View LLC v. Prime Income Asset Mgmt., LLC*, No. 3:13-CV-04440-N, 2016 WL 6464485, at *1 (N.D. Tex. Mar. 29, 2016).

   **B. The information sought is not relevant to Plaintiffs' claims or defenses and is not proportional to the needs of the case.**

The information Plaintiff seeks to obtain from Sig Sauer's employee is not relevant and has no importance to the issues at stake in this case. Mr. Hilton has been deposed and has identified the videotape. Sig Sauer has produced all communications between its employees, including Ms. Piatt, and Steven Hilton and is producing a corporate designee on this topic. Simply, Plaintiff claims that she was injured when her P320 pistol allegedly discharged without a trigger pull. The issue of importance in resolving this matter is whether Plaintiff's P320 pistol contained a defect that allowed it to fire without a trigger pull. The limited communications between Ms. Piatt and Mr. Hilton does not make it any more or less likely that Plaintiff's P320 pistol contained a defect nor does it shed light on her damages. Ms. Piatt's testimony will not help solve this dispute.

Further, the information Plaintiff's seeks to obtain from Ms. Piatt is already available to Plaintiff. Plaintiff's ex-husband husband was already deposed in this matter and identified the number and substance of his communication with Sig Sauer. Likewise, Sig Sauer has already produced the sole email chain between Sig Sauer and Mr. Hilton and is producing a corporate designee on the topic. The deposition of Samantha Piatt will not produce any information not already known to Plaintiff.

Requiring Sig Sauer to produce Samantha Piatt for a deposition on these matters will create an undue burden. Sig Sauer would have to expend time and resources to prepare Ms. Piatt to provide her testimony. Ms. Piatt would also be required to miss time from performing her duties with Sig Sauer. The disruption to Sig Sauer's business severely outweighs any likely benefit to be

gained from Ms. Piatt's testimony regarding her communications Mr. Hilton and/or the alleged videotape.

**WHEREFORE**, Defendant Sig Sauer, Inc. respectfully requests that this Honorable Court enter an Order granting its Motion for Protective Order.

Respectfully submitted,

*/s/ Kristen E. Dennison*
Brian Keith Gibson
Kristen E. Dennison
Robert L. Joyce
**LITTLETON PARK JOYCE UGHETTA & KELLY, LLP**
4 Manhattanville Road, Suite 202
Purchase, NY  10577
Tel: (914) 417-3400
Fax: (914) 417-3401
kristen.dennison@littletonpark.com
keith.gibson@littletonpark.com
robert.joyce@littletonpark.com

*/s/ H. Scott Alexander*
Bijan R. Siahatgar
State Bar No. 18336200
H. Scott Alexander
State Bar No. 00793247
**CLARK HILL, PLC**
2615 Calder, Suite 240
Beaumont, TX  77702
Tel: (409) 351-3800
Fax: (409) 351-3883
bsiahatgar@clarkhill.com
hsalexander@clarkhill.com

## CERTIFICATE OF CONFERENCE

I, Kristen E. Dennison, certify that counsel has complied with and met with the meet and confer requirement in Local Rule CV-7(h). After numerous email communications, I personally spoke with Plaintiff's attorney, Jeffrey Bagnell, on October 24 at 10:00 a.m. and we were unable to resolve this dispute. Sig Sauer's position, as set forth in this motion, is that Samantha Piatt's deposition is not relevant to any matter in dispute and that the information Plaintiff seeks has been provided by numerous other sources, including (1) the deposition of Steven Hilton, (2) the production of all written communications between Mr. Hilton and Sig Sauer, and (3) the agreement to produce a corporate designee to testify regarding these communications. Plaintiff does not believe this is sufficient and insists that Ms. Piatt be deposed. Thus, the parties have reached an impasse, leaving an open issue for the court to resolve.

                                                            */s/ Kristen E. Dennison*