# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

| | | |
|---|---|---|
| BRITTANY I. HILTON, | § § § § § § § § § § § § § § § | CIVIL ACTION NO.: 1:21-cv-00441 MJT |
| Plaintiff, | | |
| v. | | |
| SIG SAUER, INC., | | |
| Defendant. | | |

## MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND AND THIRD SET OF INTERROGATORIES, THIRD SET OF PRODUCTION REQUESTS, AND <u>DEPOSITION OF SAMANTH PIATT</u>

Plaintiff Brittany I. Hilton asks the Court to compel Defendant to answer her second set of interrogatories, third set of interrogatories and production requests, and to compel the deposition of Defendant's employee Samantha Piatt. In accordance with Local Rule CV-7(h), counsel for Plaintiff and Defendant have conferred at length on the telephone and in person and have, in good faith, reached an impasse on the dispute, as certified below.

### I.   Facts and Procedural Background

This product liability case was filed on August 21, 2021.

Hilton, a 39-year-old detective, 11-year veteran of the Bridge City Police Department, and mother of four, alleges that she incurred severe and permanently disfiguring injuries when her SIG Sauer P320 X-Carry pistol discharged by itself while fully holstered in her handbag and shot her December 1, 2020. The bullet entered just to the left of her vagina, narrowly missed

her femoral artery, traversed her pelvis front to back and exited her bottom after leaving shrapnel near and around her sciatic nerve. Due to the gunshot, Hilton has incurred nerve damage in the form of pain radiating down her leg and spreading to her knee, and severe emotional trauma. She has a visible entrance wound next to her vagina and a visible exit wound on her bottom. The exit wound sits on top of her coccyx, and she is unable to sit for very long without shifting back and forth to attempt to relieve unremitting pain. She will probably need additional future surgery because the injury forces her to favor her left leg over her right.

The parties have engaged in discovery for approximately 10 months without any substantial disagreements. The lawyers on both sides have litigated against each other for many years and have extended numerous courtesies to each other and have worked cooperatively.

After conferring in good faith on the telephone and in person, however, they have been unable to resolve two outstanding discovery disputes in the case.

## II. Disputed Discovery Items

First, Sig subpoenaed Hilton's ex-husband Steven Hilton and took his deposition on July 14, 2022, over Hilton's objection that the purpose of the deposition could only be to embarrass the plaintiff. (Ex. 1). During that deposition, Hilton gave long-winded narratives insulting his ex-wife, telling incomprehensible "stories" about their married life, and ultimately disclosing that he had made a sex tape of her weeks after she was shot. He brought a photocopy of the DVD containing this video to the deposition. He further disclosed that he had been in contact with Sig's communications director, Samantha Piatt, about the case. While claiming that he could not "remember" whether he sent a copy of the sex tape to Sig when pressed on cross examination, a crime under Texas law, his answers were evasive and unconvincing.

In response, Hilton served a second set of interrogatories on September 2, 2022 that asked merely two questions:

**1.     State whether You received a DVD bearing the words "sex tape" from plaintiff's former spouse, Steven Hilton, as shown on Exhibit A to these interrogatories.**
**RESPONSE:**


**2.     If the answer to interrogatory 1 is "yes," please state:**
   **a. The current location of the DVD;**
   **b. To whom it was addressed:**
   **c. Whether it was viewed; and**
   **d. Whether law enforcement authorities were contacted.**

(Ex. 2).

Sig did not provide timely answers to this set of interrogatories. Counsel for Hilton agreed to additional time to answer, but on the condition that all objections were waived. Nevertheless, Sig's response contained objections interposed over its responses. Hilton's counsel has asked that those untimely objections be withdrawn so she can have certainty that Sig's answers are unqualified, under oath, and not provided with any purpose of evasion. Sig has refused.

Second, Hilton also noticed the deposition of Samantha Piatt on September 3, 2022, to find out exactly what communications she had with Steven Hilton and the whereabouts, if known, of the DVD. (Ex. 3). Hilton re-noticed the deposition two times. Shortly before her deposition was to take place in Portsmouth, New Hampshire on November 1, 2022, Sig informed

Hilton that it would not produce her, and instead provided an affidavit. A transcript of her non-appearance that day is attached as Exhibit 4.

## II. **Discussion**

Under the Federal Rules, "the governing case law in this jurisdiction provides that, even if certain discovery requests seek irrelevant information or materials, the party resisting discovery "must have a valid objection to each one in order to escape the production requirement" and that the party resisting discovery must show specifically how each request is not relevant or otherwise objectionable as, for example, overly broad, burdensome, or oppressive. *McLeod*, 894 F.2d at 1485. Further, this Court's case law provides that, under pre-amendment Rule 26(b), "[w]hen the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Merrill*, 227 F.R.D. at 477–78 (internal quotation marks omitted). And a party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See id.* at 477.
*Carr v. State Farm Mut. Auto. Ins. Co.,* 312 F.R.D. 459, 464 (N.D. Tex. 2015).

Hilton's limited discovery requests on the three outstanding matters hardly seek irrelevant information or materials. Her counsel has an obligation to take all steps to find out whether anyone at Sig received a copy of the DVD made by her ex-husband. Instead of agreeing to a short deposition on this matter and answering the second set of interrogatories without

4

untimely objections, Sig has put itself in the position of the Court and declared that - - one day before her deposition - - she may not be deposed, that an affidavit from her is sufficient, and that it will not withdraw its objections. If Sig has nothing to hide on this disturbing matter, it makes little sense why it will not withdraw its objections or produce Piatt for a deposition. Sig opened the door to the entire matter by needlessly subpoenaing her ex-husband and demanding that he bring any all tapes or recordings he had in his possession. Now it wants to forget about the matter after further traumatizing the plaintiff for no reason at all.

### III. Conclusion

For the reasons stated, plaintiff requests that her Motion be granted.
.

Respectfully submitted,

Plaintiff Brittany I. Hilton

*/s/Jeffrey S. Bagnell*

_____
Jeffrey S. Bagnell
Federal Bar No. CT18983
Admitted Pro Hac Vice
Jeffrey S. Bagnell, Esq., LLC
55 Post Road West
Westport, CT  06880
(203) 984-8820
jeff@bagnell-law.com


**SICO HOELSCHER HARRIS LLP**
*/s/ James H. Hada*
James H. Hada
Federal Bar No. 11527
3 Riverway, Suite 1910
Houston, Texas 77056
Office:          713.465.9944
Facsimile:     877.521.5576
E-Mail:         jhada@shhlaw.com

**ATTORNEYS FOR PLAINTIFF**

DATED: NOVEMBER 17, 2022

## **LOCAL CIVIL RULE CV-7(i) CERTIFICATE OF CONFERENCE**

      Counsel have complied with the meet and confer requirements imposed by Local Rule CV-7(h).  The motion is opposed.  Counsel for plaintiff and defendant held a meet and confer telephone call on October 10, 2022, during which these disputed matters were discussed in detail and in a civil fashion.  Counsel were unable to reach an agreement.  Counsel had a follow up in person discussion about these matters in Portsmouth, New Hampshire on November 1, 2022 and were unable to resolve the disputes.  Counsel for the parties involved in these discussions were Jeff Bagnell for the plaintiff and Kristen Dennison, Esq. for the defendant.  No agreement could be reached because defense counsel is of the opinion that an affidavit from Piatt is sufficient and counsel for Hilton believes in good faith that she should be required to answer live questions under oath rather than submit an affidavit remotely.  The parties were also unable to agree on whether the objections to Hilton's second set of interrogatories should be withdrawn; counsel for plaintiff contends that they were untimely and, even if construed as timely, make it unclear whether the Objections are being interposed to avoid direct answers under oath.  The parties' discussions ended in a civil impasse.

## **CERTIFICATION**

      I hereby certify and affirm that on November 17, 2022, the foregoing document was served on all known counsel of record pursuant to the Federal Rules of Civil Procedure using the ECF system.

                                          _/s/ *Jeffrey S. Bagnell*_
                                          Jeffrey S. Bagnell