IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRITTANY I. HILTON,<br><br>    *Plaintiff*,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 1:21-CV-00441-MJT<br>§    JUDGE MICHAEL J. TRUNCALE<br>§<br>§<br>§<br>§ |

## PROTECTIVE ORDER

Before the Court are Defendant Sig Sauer, Inc.'s Motion for Protective Order Precluding the Deposition of Samantha Piatt. [Dkt. 30]. Plaintiff Brittany I. Hilton failed to timely respond to Sig Sauer's motion. *See* Local Rule CV-7(e) ("A party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision."). Therefore, the Court presumes that Ms. Hilton does not controvert the facts set out by Sig Sauer and has no evidence to offer in opposition to the motion. *See* Local Rule CV-7(d). For the reasons set forth below, Sig Sauer's Motion for Protective Order Precluding the Deposition of Samantha Piatt [Dkt. 30] is hereby **GRANTED**.

### I.    BACKGROUND

Ms. Hilton served Sig Sauer with notice of her intent to take the deposition of Sig Sauer's employee, Samantha Piatt. Ms. Hilton indicated that she sought to depose Ms. Piatt regarding:

> All communications between [Ms. Piatt] and [Ms. Hilton's ex-husband,] Steven Hilton regarding Brittany I. Hilton, the incident described in the Complaint, a sex tape created by Mr. Hilton showing sexual relations between Ms. Hilton and Mr. Hilton, and/or any injuries incurred by Ms. Hilton, including but not limited to, all text messages and emails between [Ms. Piatt] and Steven Hilton regarding any of these matters or any other matters relating to Ms. Hilton and her legal action against Sig Sauer, Inc.

[Dkt. 30-2 at 4]. Ms. Piatt is the Director of Communications & Media Relations for Sig Sauer. On or about January 6, 2021, Mr. Hilton contacted Sig Sauer's customer service with the following message:

> If y'all catch a lawsuit from Brittany hilton, regarding an "unintentional misfire" from a 320x on December 1 2020 while she was in the bridge city police department (she is a detective), it would be in yalls best interests to call me. I'm the soon to be ex husband.

[Dkt. 30-4 at 6]. On August 18, 2021, Ms. Piatt contacted Mr. Hilton in response to his message. They subsequently spoke on the phone for no more than ten minutes. On September 2, 2021, Ms. Piatt received an email from Mr. Hilton, stating:

> So, I am constantly being harassed by the [Bridge City Police Department] now. Literally, got arrested august 27 for harassment/doc. Things have gotten considerably worse for me due to my outspokenness about the truth. I have a sexual video from December 8th 2020, proving she isn't hurt. Yes, she like bring videoed. Your gun never "misfired."

[Dkt. 30-4 at 8]. Ms. Piatt passed this email along to Sig Sauer and ceased all communication with Mr. Hilton. Sig Sauer provided the Court with a signed affidavit from Ms. Piatt containing this information and affirming under penalty of perjury that she never received a video from Mr. Hilton, that she had no other involvement with Mr. Hilton, and that she does not possess firsthand knowledge of any information relevant to Ms. Hilton's claims. [Dkt. 30-4 at 2–3].

    Ms. Hilton also served Sig Sauer with a notice for a 30(b)(6) deposition seeking production of a witness knowledgeable about, *inter alia*: (1) "[a]ll communications with the ex-spouse of Brittany I. Hilton, Mr. Steven Hilton"; and (2) "[a]ny and all communications between [Sig Sauer] and Ms. Hilton's ex-husband, Steven Hilton regarding her discharge incident, her injuries, and any other communications between [Sig Sauer] and Steven Hilton pertaining in any way to Ms. Hilton." [Dkt. 30-3 at 4–5].

    Sig Sauer has agreed to produce a corporate designee witness on the topics for the 30(b)(6) deposition and only seeks a protective order regarding the deposition of Ms. Piatt. Sig Sauer has also already identified and produced records of Ms. Piatt's communications with Mr. Hilton, and has agreed to produce a corporate designee to testify regarding these communications. Nevertheless, Ms. Hilton seeks Ms. Piatt's deposition to ask whether Mr. Hilton sent a sexually explicit video of himself and Ms. Hilton to Sig Sauer, despite Mr. Hilton already testifying that he did not.

## II.  DISCUSSION

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). When determining whether a matter is discoverable, the Court considers: the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* If the Court determines that the proposed discovery is beyond this scope, it *must* limit the frequency or extent of the discovery. *Id.* at 26(b)(2)(C)(iii).

Sig Sauer has already deposed Mr. Hilton, produced all communications between its employees—including Ms. Piatt—and Mr. Hilton, and is producing a corporate designee on this topic. Thus, the Court agrees that deposing Ms. Piatt will not produce any information not already known to Ms. Hilton, and would create an undue burden on Sig Sauer.

## III.  CONCLUSION

It is therefore **ORDERED** that Defendant Sig Sauer, Inc.'s Motion for a Protective Order Precluding the Deposition of Samantha Piatt [Dkt. 30] is hereby **GRANTED**. Plaintiff Brittany I. Hilton is prohibited from deposing Samantha Piatt.

**SIGNED this 18th day of November, 2022.**

Michael J. Truncale
United States District Judge

3