UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRITTANY B. HILTON, | : |
| Plaintiff, | : |
| | : NO. 1:21-CV-00441-MJT |
| vs. | : |
| | : |
| SIG SAUER, INC., | : JURY DEMANDED |
| Defendants, | : |
| | : |

**DEFENDANT SIG SAUER, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

Plaintiff's motion to compel contains gross omissions of fact set out to materially distort the truth to make the Court believe that Plaintiff noticed Samantha Piatt's deposition and that Sig Sauer suddenly and without notice cancelled the deposition the day before it was to take place. In actuality, Sig Sauer consistently and repeatedly objected to Ms. Piatt's deposition from the time that it was noticed through its filing of its Motion for Protective Order, which was granted by this Court on November 18, 2022. Similarly, Plaintiff fails to inform the Court that Sig Sauer fully answered Plaintiff's Second Set of Interrogatories—clearly and unambiguously informing Plaintiff that Sig Sauer never received a sex tape from Steven Hilton. Finally, while Plaintiff includes her Third Set of Interrogatories and Requests for Production in the title of her motion and her proposed Order, she never served a Third Set of Interrogatories, Sig Sauer answered her Third Requests for Production, and Plaintiff does not attach this discovery or mention it in the body of the motion.

**A. This Court Has Already Granted a Protective Order Precluding Samantha Piatt's Deposition**

By Order dated November 18, 2022, this Court granted Sig Sauer's Motion for Protective Order and precluded Samantha Piatt's deposition. [Dkt. 39.] In so doing, the Court recognized

1

that Sig Sauer had already produced all communications between its employees, including Ms. Piatt, and Steven Hilton and that deposing Ms. Piatt will not produce any information not already known to Plaintiff. *See id.* Upon receipt of the Court's Order, Sig Sauer asked Plaintiff to withdraw her motion, but she refused. *See* 2022.11.18 JB KED Exchange MTC, Ex. 1.

Because of Plaintiff's material omissions in her motion, however, Sig Sauer further completes the record on Plaintiff's motion to compel by providing the following facts:

1. On September 26, 2022 at 5:30 p.m., counsel for Plaintiff asked undersigned counsel for dates for Samantha Piatt, among other Sig Sauer witnesses. *See* 2022.09.26 JB KED Exchange Piatt, Ex. 2.

2. Undersigned counsel responded at 6:42 p.m. the same day, objecting to the production of Samantha Piatt. *See id.*

3. On October 17, 2022 Sig Sauer produced all email communications, in native format, between Steven Hilton and Samantha Piatt. *See* 2022.10.17 KED Piatt info, Ex. 3.

4. Also on October 17, 2022, counsel for Plaintiff asked for confirmation that Sig Sauer would not produce Ms. Piatt for deposition. *See* 2022.10.17 JB KED exchange, Ex. 4.

5. Less than twenty minutes after receipt of that email, undersigned counsel confirmed its objections to producing Ms. Piatt for deposition along with its plan to file a motion for protective order. *See id.*

6. On October 21, 2022, Plaintiff's counsel again emailed undersigned counsel that he intended to take Ms. Piatt's deposition, noting "and I know you will refuse to produce her." *See* 2022.10.21 JB KED Piatt exchange (1), Ex. 5.

7. Also on October 21, 2022, Plaintiff's counsel asked for a meet and confer on producing Ms. Piatt and seeking removal of Sig Sauer's objections to her Second Set of Interrogatories. *See* 2022.10.21 JB Meet and Confer Email, Ex. 6.

8. Within minutes of counsel for Plaintiff's meet and confer email, counsel for Plaintiff sent an amended notice for Samantha Piatt's deposition to take place on November 1, 2022. Undersigned counsel immediately responded by again informing counsel for Plaintiff that Sig Sauer objected to producing Ms. Piatt. *See* 2022.10.21 JB KED Piatt exchange, Ex. 7.

9. On Monday, October 24, 2022 counsel for Plaintiff and undersigned counsel conducted a meet and confer via phone, during which undersigned counsel once again indicated Sig Sauer's position that it objected to Samantha Piatt's deposition.

10. At 7:49 a.m. on October 28, 2022, counsel for Plaintiff sent an email indicating that, because Sig Sauer had not yet filed its Motion for Protective Order, he assumed Ms. Piatt would appear for deposition on November 1, 2022 and indicated he would have a court reporter there. *See* 2022.10.28 JB KED Piatt exchange, Ex. 8.

11. Undersigned counsel responded at 8:07 a.m. informing counsel for Plaintiff once again that Sig Sauer was not producing Ms. Piatt for deposition and would be filing its motion for protective order. *See id.*

12. On October 31, 2022, Sig Sauer filed its Motion for Protective Order with accompanying Affidavit of Samantha Piatt. [Dkt. 30]. Plaintiff did not respond.

Sig Sauer has provided an Affidavit of Samantha Piatt indicating she never received a sex tape from Steven Hilton [Dkt. 30], discovery responses saying Sig Sauer never received a sex tape from Steven Hilton (Ex. 9), and a corporate designee who indicated he has never heard of anyone

at Sig Sauer receiving a sex tape from Steven Hilton. Still Plaintiff persists in seeking the deposition of Samantha Piatt. The facts on which this Court issued its protective order precluding Ms. Piatt's deposition, however, have not changed and Plaintiff's motion to compel Samantha Piatt's deposition has been rendered moot by the protective order issued by this Court. Plaintiff's motion to compel Samantha Piatt's deposition should be denied.

### B. Sig Sauer Fully and Completely Answered Plaintiff's Second Set of Interrogatories

Plaintiff neglected to attach Sig Sauer's responses to her Supplemental Interrogatories, which show that Sig Sauer fully and completely answered Plaintiff's Second Set of Interrogatories. Sig Sauer responded as follows: "**ANSWER: Subject to and without waiving its objections, SIG Sauer did not receive and is not in possession of the DVD described and imaged in Exhibit A.**" *See* Sig Sauer's Responses to Plaintiff's Supplemental Interrogatories, Ex. 9. Plaintiff now seeks an Order striking Sig Sauer's objections to the relevance of this question because she wants "certainty that Sig's answers are unqualified, under oath, and not provided with any purpose of evasion." Pl. Motion at p. 3. Sig Sauer's answer is clear, unqualified, and unambiguous—it did not receive and is not in possession of a sex tape between Steven and Brittany Hilton. Plaintiff's reasons for seeking that Sig Sauer's objections be stricken are without merit.

### C. Plaintiff Did Not Serve a Third Set of Interrogatories and Sig Sauer Answered Plaintiff's Third Set of Production Requests

Finally, Plaintiff seeks an Order compelling Sig Sauer to respond to her Third Set of Interrogatories and Third Set of Production Requests. Yet, Plaintiff did not serve a Third Set of Interrogatories and Sig Sauer answered Plaintiff's Third Set of Production Requests. Furthermore, Plaintiff did not attach her Third Set of Production Requests or mention them in the body of her

brief. Accordingly, Plaintiff's motion to compel her unserved Third Set of Interrogatories and answered Third Set of Production Requests should be denied.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its Motion for Protective Order, granted by this Court on November 18, 2022, Defendant Sig Sauer, Inc. respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion to Compel.

Dated: December 1, 2022

Respectfully submitted,

*[signature]*

Bijan R. Siahatgar
State Bar No. 18336200
H. Scott Alexander
State Bar No. 00793247
**CLARK HILL, PLC**
2615 Calder, Suite 240
Beaumont, TX 77702
Tel: (409) 351-3800
Fax: (409) 351-3883
bsiahatgar@clarkhill.com
hsalexander@clarkhill.com


*/s/ Kristen E. Dennison*
Kristen E. Dennison
Brian Keith Gibson
Robert L. Joyce
**LITTLETON PARK JOYCE UGHETTA & KELLY, LLP**
4 Manhattanville Road, Suite 202
Purchase, NY 10577
Tel: (914) 417-3400
Fax: (914) 417-3401
kristen.dennison@littletonpark.com
keith.gibson@littletonpark.com
robert.joyce@littletonpark.com

**CERTIFICATE OF CONFERENCE**

I, Kristen E. Dennison, certify that counsel has complied with and met with the meet and confer requirement in Local Rule CV-7(h). After numerous email communications, I personally spoke with Plaintiff's attorney, Jeffrey Bagnell, on October 24 at 10:00 a.m. and we were unable to resolve this dispute. Sig Sauer's position, as set forth in this motion, is that Samantha Piatt's deposition is not relevant to any matter in dispute and that the information Plaintiff seeks has been provided by numerous other sources, including (1) the deposition of Steven Hilton, (2) the production of all written communications between Mr. Hilton and Sig Sauer, and (3) the agreement to produce a corporate designee to testify regarding these communications. Plaintiff does not believe this is sufficient and insists that Ms. Piatt be deposed. Thus, the parties have reached an impasse, leaving an open issue for the court to resolve.

**CERTIFICATE OF SERVICE**

I certify that Sig Sauer, Inc.'s Opposition to Plaintiff's Motion to Compel was served via ECF filing December 1, 2022.

*/s/ H. Scott Alexander*
H. Scott Alexander